IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

BRYAN F. FARIS                                                                PETITIONER

V.                          CIVIL ACTION NO.: 1:16CV23-SA-JMV

WARDEN TIMOTHY OUTLAW and
ATTORNEY GENERAL OF THE STATE OF MISSISSIPPI        RESPONDENTS

## ORDER OF DISMISSAL

This matter comes before the Court, *sua sponte*, for consideration of dismissal. Petitioner Bryan F. Faris, proceeding *pro se*, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, seeking to challenge his 2015 guilty plea in the Circuit Court of Lowndes County, Mississippi, for possession of a stolen firearm. Petitioner's post-conviction proceedings are currently pending in the Court of Appeals of the State of Mississippi in Cause No. 2015-TS-01503-COA.

A prisoner seeking federal habeas relief must exhaust his state court remedies **prior to** seeking relief in federal court. *See* 28 U.S.C. § 2254(b)(1) and (c); *Beazley v. Johnson*, 242 F.3d 248, 263 (5th Cir. 2001). The exhaustion requirement is satisfied when the habeas claim has been presented to the highest state court in a procedurally proper manner. *Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir. 1997). If a petitioner presents claims in federal court that have not yet been exhausted, the federal court generally must dismiss the petition. *Rose v. Lundy*, 455 U.S. 509, 510 (1982); *see also Duncan v. Walker*, 533 U.S. 167, 178-79 (2001) ("The exhaustion requirement of § 2254(b) ensures that the state courts have the opportunity fully to consider federal-law challenges to a state custodial judgment before the lower federal courts may entertain a collateral attack upon that judgment."). Inasmuch as Petitioner is currently

challenging his guilty plea and sentence, his claims are not exhausted for purposes of federal habeas review. The Court finds no "good cause" exists for Petitioner's failure to exhaust his claims in State court prior to filing for federal habeas relief, and it determines that a stay and abeyance is inappropriate in this case. *See Rhines v. Weber*, 544 U.S. 269, 27-77 (2005) (holding that in "limited circumstances," a federal court may stay a habeas petition in order to allow the petitioner to litigate his unexhausted claims in state court before returning to federal court). The Court otherwise notes that the dismissal of the instant petition will not jeopardize the timeliness of any future habeas petition, as the federal statute of limitations has not yet begin to run against Petitioner.

Accordingly, the Court **ORDERS** that the petition for writ of habeas corpus filed in this cause be **DISMISSED** without prejudice for Petitioner's failure to exhaust his claims. Any pending motions are **DISMISSED** as moot. A separate final judgment will enter today.

**SO ORDERED**, this the 11th day of February, 2016.

 /s/ Sharion Aycock
 **U.S. DISTRICT JUDGE**